IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ALAN SEALS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DR. STEVEN LEATH, ET AL., | ) |
| | ) Case No. 3:19-cv-468-RAH-JTA |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S AMENDED MOTION TO ENFORCE THE COURT'S
DISCOVERY ORDER AND FOR SANCTIONS**

Plaintiff, ALAN SEALS, by and through his undersigned counsel and pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, moves this Court to enforce its February 22, 2021 discovery order [Doc. 41] and to sanction the Defendants for failing to fully respond to RFP No. 5. In support thereof, Plaintiff states:

1. Plaintiff's Motion to Compel [Doc. 34] sought an order requiring Defendants to provide responsive documents to Plaintiff's Discovery RFP No. 5, which sought:

> 5. All documents and communications concerning compensation, benefits, and/or bonuses, including but not limited to, information concerning the decision to increase or decrease said compensation, benefits, and/or bonuses for all professors within the Economics

Department from 2016 to present.

2. The Court determined that "Plaintiff is entitled to the information requested in RFP No. 5 for documents from 2017 to the present," and ordered Defendants to provide such information by March 8, 2021. [Doc. 41].

3. On March 8, 2021, Defendants provided responsive documents Bates-stamped "Seals Plaintiff RFP#5 0001 – 0081."

4. After reviewing the production, Plaintiff's counsel notified Defendants' counsel that Defendants' response was deficient and that it was Plaintiff's belief that Defendants had failed to produce, among other things, specific correspondence between the Defendants concerning the market-adjustment raises received by certain members of the Economics Department. (*See* March 10, 2021 Email to Defendants' Counsel, attached as Exhibit 1).

5. On Friday March 12th, Defendant supplemented its March 8th production with documents Bates-stamped "Seals Plaintiff RFP#5 0082-0094"

6. Plaintiff immediately reviewed Defendants' production and again notified Defendants that the discovery was still deficient in that it lacked:

- any document concerning the evaluation of Dr. Kim while he was chair of the Department or any communications concerning the evaluations performed, as well as communications concerning considerations given to a market-adjustment for Dr. Kim.
- Any documents evidencing a written approval concerning Dr. Stern's 0% market adjustment in 2018
- Any documents concerning Dr. Kim's raise in excess of 6% for 2018

2

- Any documents concerning 2019 market adjustments for Economic Department faculty receiving in excess of a 6% market adjustment (which included Drs. Vickers, Banerjee, and Sorek).
- Correspondence not already produced between the Economics Chair (Def. Kim) and Alicia Still (the College accountant) concerning the market adjustments.
- Correspondence between Alicia Still and Dean Aistrup, and the Provost's Office, concerning proposed market adjustments.

(*See* March 12, 2021 Correspondence to Defs' Counsel, attached as Exhibit 2).

7. Thereafter, Defendants further supplemented their production on March 12th with documents Bates-stamped Seals Plaintiff RFP#5 00095-00098.

8. On March 13, 2021, Plaintiff requested that Defendants certify that they have fully complied with the Court's order in responding to RFP No. 5 to which Defendants' counsel responded: "I am working to determine if there is anything else responsive." (*See* March 13, 2021 Email to Defendant's Counsel, attached as Exhibit 3).

9. On March 15, 2021, the parties jointly filed a Motion to Extend the Summary Judgment Response Deadline (Doc. 47) in order to allow Defendants to ensure that they had fully responded in accordance with the Court's discovery Order.

10. On March 26, 2021, the parties again moved the Court to extend the summary judgment response deadline based upon the premise that Defendants had located additional responsive documents "with tens of thousands of emails that may

be responsive to Plaintiff's requests for production." (Doc. 49 at 2). The Court granted the Motion and allowed Plaintiff until April 12, 2021 to file a response.

11. Defendants provided supplemental production on March 26, 2021 (RFP#5 0099-0135), March 30, 2021 (RFP#5 0136-0471), and on April 1, 2021 (RFP#5 0472-1139). On the afternoon of Friday, April 2nd, Defendants certified that they had complied, in good faith, with the Court's Order.

12. Following the Easter weekend, Plaintiff began reviewing the production and realized that it could not be efficiently reviewed due to the voluminous redactions and because Defendants provided responsive documents in a form that does not comport with the Federal Rules governing discovery.

13. On April 7, 2021, Plaintiff notified Defendants that the recent production appeared to be missing numerous spreadsheet attachments and advised that Defendants had failed to provide the production in an acceptable format in accordance with Fed. R. Civ. P. 34(b)(1)(C). (*See* 4/7/21 Ltr to Defs' Counsel, attached as Exhibit 4) Specifically, Plaintiff requested that the production be produced as requested in Plaintiff's Request for Production and asked that the Defendants produce the ESI in near-native format with all metadata fields preserved […]." (*Id.*).

14. On April 8, 2021, Plaintiff provided notice that the review of the discovery has continued despite the form it was produced and, at that time, Plaintiff

believed that the discovery response continued to be deficient and provided specific examples. (*See* 4/8/21 Ltr to Defs' Counsel, attached as Exhibit 5). Defendants were further advised that the documents produced were directly relevant to Plaintiff's claims and requested the opportunity to re-depose Defendants Hardgrave, Kim and Aistrup. (*Id.*) Finally, Plaintiff demanded that a privilege log be provided in accordance with Rule 26(b)(5) in order to allow Plaintiff to assess the Defendants' claim of privilege. (*Id.*).

15. In response, Defendants' counsel advised that the "redacted information in the documents produced concerns colleges and schools at Auburn University other than the College of Liberal Arts, departments within the College of Liberal Arts other than the Economics Department and Individuals who were not professors in the Economics Department."(*See* 4/9/21 email from Defs Counsel, attached as Exhibit 6) Defendants counsel further advised that it would provide redacted documents in native format if possible but that Defendants remain insistent on redacting all non-responsive information before producing native format. It is Defendants position that if redactions cannot be accomplished in native format, then they will not produce such native documents absent being directed to do so by the Court. Defendants will agree to submit all native documents to the Court for in camera review if so ordered. Defendants also agreed to limited continued depositions of Hardgrave, Aistrup, and Kim relative to all documents ultimately

5

produced in response to RFP #5.

16. With Plaintiff's response to Defendants' Summary Judgment being due on April 12, Plaintiff agreed to jointly request an extension of Plaintiff's deadline to respond to Defendants' Motion, and the Court extended the deadline to respond to May 27, 2021. (Doc. 55)

17. Plaintiff believes he has done everything possible to avoid the Court's intervention in this continued discovery dispute, but is left with little alternative. Plaintiff further seeks to minimize the risk of being prejudiced by not bringing the current status of the discovery to the Court's attention and simply agreeing to seek an additional extension of time in hopes that Defendants can fully comply with the Court's order.

18. In response to a failure to abide by the Court's discovery order, Rule 37(b)(2)(A) provides that the Court may issue further just orders, which may include the following:

- **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
- **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
- **(iii)** striking pleadings in whole or in part;
- **(iv)** staying further proceedings until the order is obeyed
- **(v)** dismissing the action or proceeding in whole or in part

**(vi)** rendering a default judgment against the disobedient party; or

**(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

19. Plaintiff requests that the Court provide relief in the form of costs and attorneys fees in bringing this instant motion and to prohibit Defendants from introducing any evidence (and striking evidence already introduced) that supports Defendants' position that Plaintiff's raise was proper and not a retaliatory act committed by Defendants. Additionally, Plaintiff seeks an Order from this Court specifically authorizing Plaintiff to re-depose certain Defendants concerning the recent production.

20. Prior to filing this Motion, the parties conferred via telephone and by emails on multiple occasions in an effort to remedy the disputes without court intervention. Although numerous issues were resolved, numerous issues remain (*See* 4/12/21 Email to Defs. Counsel, attached as Exhibit 7)

WHEREFORE, premise considered, Plaintiff seeks an Order from this Court providing for the relief requested herein, and for any further or different relief the Court deems just.

Respectfully submitted,

/s/ *Kris O. Anderson*
Kristopher O. Anderson
Alabama Bar No. 4318O68A

/s/ *J. Parker Yates*
J. Parker Yates
Alabama Bar No. 1155O68Y

*Attorneys for Plaintiff*

**OF COUNSEL**:

**KRIS O. ANDERSON**
Clark Partington
4725 Main Street Suite F-222
Orange Beach, Alabama 36561
Telephone:   251.225.4122
E-mail:        kanderson@clarkpartington.com

**JOHN PARKER YATES**
Yates Law, LLC
2320 Highland Ave. S., STE 290B
Birmingham, Alabama 35205
205-705-3144
parker@jpyatelaw.com

## **RULE 37(A)(1) CERTIFICATION**

In accordance with Fed. R. Civ. P. 37(a)(1), the undersigned hereby certifies that the movant has in good faith conferred or attempted to confer with the Defendants in an effort to obtain the discovery at issue without court action.

/s/ J. Parker Yates
**J. PARKER YATES**

## CERTIFICATE OF SERVICE

I certify that on April 14, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System and service will be perfected upon the following counsel of record by email.

David. R. Boyd, Esq.
John G. Smith, Esq.
Aria B. Allen, Esq.
BALCH & BINGHAM, LLP
PO Box 78
Montgomery, AL 36101
dboyd@balch.com
jgsmith@balch.com
aallan@balch.com

/s/ J. Parker Yates
**J. PARKER YATES**
Yates Law, LLC
2320 Highland Ave. S., STE 290 B
Birmingham, AL 35205
Telephone:  205.705.3144
E-mail:   parker@jpyateslaw.com