IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ALAN SEALS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.: 3:19-cv-00468-MHT-JTA |
| DR. STEVEN LEATH, ET AL., | ) ) |
| Defendants. | ) ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE THE COURT'S ORDER AND FOR SANCTIONS**

Defendants Dr. Steven Leath, Dr. Bill Hardgrave, Dr. Timothy Boosinger, Dr. Joseph Aistrup, Dr. Hyeongwoo Kim, and Dr. Jay Gogue (collectively, "Defendants") oppose Plaintiff's "Amended Motion to Enforce the Court's Discovery Order and for Sanctions," Doc. 57.

## INTRODUCTION

1. On February 22, 2021, the Court granted Plaintiff's Motion to Compel in part, ordering Defendants to produce documents responsive to Plaintiff's Request for Production No. 5. Doc. 41, pp. 8–9. Request for Production No. 5 states:

   > All documents and communications concerning compensation, benefits, and/or bonuses, including but not limited to, information concerning the decision to increase or decrease said compensation, benefits, and/or bonuses for **all professors within the Economics Department** from [2017] to the present.

*See id.* at 2 (emphasis added) (alteration to reflect the Court's order).

2. As Plaintiff acknowledges, Defendants provided responsive documents on March 8, 2021, as required by the Court's Order. *See* Doc. 41 at 10; Doc. 47 at 2. These documents consisted of the Economics Department's professors' Faculty Annual Reviews and other documents concerning their compensation, benefits, and bonuses from 2017 through the present.

3. On March 10, 2021, Plaintiff's counsel questioned whether the produced documents were a full and complete production. *See* Doc. 57-1. Defendants' counsel promptly investigated Plaintiff's belief that additional responsive documents existed and discovered that there were additional potentially responsive documents. Defendants then produced additional responsive documents in a rolling production on March 12, March 26, and April 1, 2021. *See* Doc. 57 at 2–4. In the production, Defendants redacted information that is nonresponsive to Request No. 5 and that falls outside the scope of the Court's Order. On April 2, 2021, Defendants then certified that they had complied, in good faith, with the Court's Order. *See id.* at 4.

4. During this timeframe, while Defendants reviewed and produced additional responsive documents, the parties jointly moved the Court for three extensions of the dispositive motion response deadline. *See* Docs. 42, 47, 49. These requests were made in a spirit of cooperation so that Plaintiff would have sufficient time to review the production and potentially use the documents in his response. The Court granted each request. *See* Docs. 43, 48, 50.

5. On April 7, 2021, Plaintiff requested for the first time that the documents be provided in "near-native format" rather than as PDF files, which Defendants had been producing. The following day, Plaintiff requested non-redacted native files or, alternatively, a privilege log. *See id.* at 4–5.

6. On April 9, 2021, Defendants' counsel advised Plaintiff's counsel that "the redacted information in the documents produced concerns colleges and schools at Auburn University other than the College of Liberal Arts, departments within the College of Liberal Arts other than the Economics Department and individuals who were not professors within

the Economics Department." *See* Doc. 57-6. Defendants' counsel offered to produce native format files if it were possible to maintain the proper redactions, and began consulting counsel's information technology team to determine if this type of production were possible. *See* Doc. 57 at 15. Defendants further agreed to produce the non-redacted documents for in camera review, should the Court so order. *Id.*

7. Plaintiff also requested to re-depose Defendants Kim, Aistrup, and Hardgrave on the limited topic of the documents responsive to Request No. 5, should the Court permit the reopening of discovery for this limited purpose. *See* Doc. 57 at 5–6. Defendants agreed to this request pending the appropriate Court order. *See* Email to Plaintiff's Counsel dated Apr. 15, 2021 (attached hereto as **Exhibit A**), p. 3 (acknowledging that the parties agreed to re-depose certain Defendants on a limited basis if approved by the Court).

8. On April 15, 2021, in a continued effort to resolve these issues without burdening the Court, Defendants' counsel advised Plaintiff's counsel that it would be possible to produce "the documents, with redactions,… in near-native format" and that counsel's "understanding is that the defense is able to re-do the production provided in response to plaintiff's request for production #5 ('RFP #5') with the appropriate load files in redacted form." *See* Ex. A at 1. Defendants' counsel also advised Plaintiff's counsel that, if Plaintiff's position is that "… plaintiff is entitled to *un*redacted documents, then [he] prefer[s] that the court address whether unredacted documents must be produced before the defense begins re-doing its response to RFP #5." *See* Ex. A at 1.

9. As more fully set out below, Defendants have complied in good faith with this Court's discovery order and have cooperated with Plaintiff in order to avoid involving the Court in these discovery disputes. Accordingly, Plaintiff's motion for sanctions should be denied.

10128725.6

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 37(b)(2)(A) states that if a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court … may issue further just orders" that include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence." *See* Fed. R. Civ. P. 37(b)(2)(A)(ii). The "court's inherent power to impose sanctions for *litigation misconduct* must be exercised with restraint and discretion." *Zurich Am. Ins. Co. v. Bulldog Marine, Inc.*, No. 14-00294-WS-N, 2014 WL 7183866, at *2 (S.D. Ala. Nov. 20, 2014) (internal marks and citation omitted) (emphasis added). In determining whether to award sanctions, the court should consider whether Defendants "substantially complied" with the Court's prior discovery order. *See Wheeler Bros., Inc. v. Jones*, No. 2:14-cv-1258-PGB, 2016 WL 11480400, at *8 (M.D. Ala. May 20, 2016).

**ARGUMENT**

Defendants have complied in good faith with the Court's order compelling the production of documents, and sanctions are not appropriate under Rule 37. As demonstrated below, Plaintiff's motion is due to be denied.

    **1.**    **Defendants Complied with the Court's Order.**

After this Court ordered Defendants to "produce information responsive to Plaintiff's request for production numbered 5 for the period of 2017 to the present," *see* Doc. 41 at 10, Defendants produced the documents they believed to be responsive to the discovery request. After receiving Defendants' March 8, 2021 production, Plaintiff questioned whether all responsive documents had been produced. Based on Plaintiff's concerns, Defendants immediately began searching for the additional responsive information that Plaintiff contended existed. That search consisted of locating and reviewing tens of thousands of pages of additional documents and

resulted in Defendants providing Plaintiff with additional information that was responsive to the Court's discovery order. When such information was located, it was produced to Plaintiff on a rolling basis until April 2, 2021, when Defendants believed that they had completely addressed the concerns raised by Plaintiff about the production.

As part of this production, Defendants provided documents relating to the compensation, benefits, or bonuses of the *professors in the Economics Department* of Auburn University's College of Liberal Arts ("CLA"). *See* Doc. 41 at 2, 10 (compelling production of "[a]ll documents and communications concerning compensation, benefits, and/or bonuses… for *all professors within the Economics Department*") (emphasis added). As Defendants' counsel explained to Plaintiff's counsel, some of the documents (predominantly spreadsheets or emails) contained information relating to compensation, benefits, and/or bonuses for Auburn University personnel who *are not* professors in the Economics Department. For example, some of the information concerned professors in other CLA departments or Auburn employees in its other colleges or schools.[1] Defendants, therefore, complied or "substantially complied" in good faith with this Court's discovery order.

On April 8, 2021, Plaintiff requested that Defendants provide unredacted, native-format documents. Given that the redacted information relates to individuals who are *not* "professors within the Economics Department," Defendants declined to do so. Rather, Defendants agreed to research whether the native files could be produced with the appropriate redactions intact. *See* Ex.

---

[1] In addition to CLA, Auburn is comprised of 14 other schools or colleges, such as the College of Agriculture and the School of Nursing, and has 1,426 full-time faculty. *See Auburn at a Glance*, *available at* http://www.auburn.edu/main/welcome/factsandfigures.php (last visited Apr. 19, 2021). Currently, the Economics Department has 17 faculty members who are professors (e.g., not instructors or lecturers). *See Professorial Faculty*, Department of Economics, *available at* https://cla.auburn.edu/economics/directory/professorial-faculty/ (last visited Apr. 19, 2021).

10128725.6

A at 3. On April 15, Defendants' counsel informed Plaintiff's counsel that Defendants were both willing and able to "re-do" the production in native files with the existing redactions still in place. *See id.* at 1.

Plaintiff's position that he is entitled to unredacted native files—and that Defendants should be sanctioned for not producing those documents—mischaracterizes the Court's discovery order. As is clear from the face of the Court's Order, Defendants were compelled to produce "documents and communications concerning compensation, benefits, and/or bonuses, including but not limited to, information concerning the decision to increase or decrease said compensation, benefits, and/or bonuses **for all professors within the Economics Department** from [2017] to present." *See* Doc. 41 at 2, 10 (emphasis added). This is exactly what Defendants have produced. Plaintiff's contention that he is now due the documents with information for Auburn faculty or staff *outside of* the "professors within the Economics Department" is an impermissible broadening of the original discovery request and this Court's Order. As the Court explained, "[i]nformation pertaining to [Plaintiff's] **colleagues'** compensation may be probative as to Defendants' intent to retaliate against Plaintiff or whether Defendants' reasons for providing a lower compensation to Plaintiff are pretextual." Doc. 41 at 8 (emphasis added). The Court recognized that Plaintiff's "colleagues"—and not just any Auburn professor or other employee—are Plaintiff's comparators. *See Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1224 (11th Cir. 2019) (en banc) (holding that "a plaintiff must show that she and her comparators are 'similarly situated in all material respects'"); *id.* at 1227 (discussing factors that make a "valid comparison" of comparators).

The information Plaintiff now seeks—and seeks to sanction Defendants for not producing—is not only nonresponsive, but also contains sensitive data for parties who are not protected by the Protective Order in this case. *See* Doc. 45. The Protective Order applies, in part,

10128725.6

to "confidential information" identified as "Faculty Annual Reviews ('FARs') of Instructors, Assistant Professors, Associate Professors and Professors of Auburn University's Department of Economics that are identified as pages 'Seals Plaintiff RFP#5 0015 through and including 0080.'" *See* Doc. 45, pp. 1–2. The redacted information is, therefore, not protected. In light of the non-responsiveness and the sensitivity of the information—in addition to the fact that it was not compelled to be produced and falls outside the scope of the discovery request—Defendants should not be ordered to provide Plaintiff with unredacted documents.

### 2. Plaintiff Is Not Entitled to Sanctions.

Because Defendants complied in good faith with the Court's discovery order, Plaintiff is not entitled to the sanctions he seeks. Namely, Plaintiff seeks an order striking and/or precluding any evidence "that supports Defendants' position that Plaintiff's raise was proper and not a retaliatory act committed by Defendants" and for the costs Plaintiff incurred relating to the instant motion. *See* Doc. 57 at 7. Such an order would be inappropriate here where Defendants have produced the information and documents compelled by the Court's discovery order. Courts have prohibited the introduction of certain evidence as a sanction for failing to cooperate with the discovery process and for failing to comply with a court's order. *See Wheeler Bros., Inc.*, No. 2016 WL 11480400 at *8–*9. The sanction, however, is applied only when a party does not "substantially comply" with the court's discovery order. *See id.* at *9. Indeed, sanctions are a penalty against "litigation misconduct," not against a party that has complied, in good faith, with the order at issue. *See Zurich Am. Ins. Co.*, 2014 WL 7183866 at *1; *but see Computer Programs & Sys., Inc. v. Tex. Gen. Hosp.*, No. 1:18-00112-TFM-N, 2020 WL 3966914, at *4 (S.D. Ala. June 10, 2020) (granting sanctions to limit evidence on summary judgment based on defendants' "clear pattern of delay" over eight months after issuance of court's discovery order).

7

Here, Defendants have complied in good faith with this Court's discovery order. Defendants believed they had produced, by March 8, 2021, the information compelled by the Court. When Plaintiff questioned the sufficiency of that production, Defendants immediately searched further and, upon determining that there could have been additional responsive information, began working to provide that information as expeditiously as possible.[2] That was completed by April 2, 2021. Over the 25-day period between March 8 and April 2, the parties cooperated to resolve their discovery disputes and, in fact, there was no unresolved dispute about Defendants' production and its adequacy until April 8, 2021 when Plaintiff first sought unredacted, native format documents. In unredacted form, these documents contain information about professors other than those in Auburn's Economics Department. Defendants have offered to provide, in native version, redacted versions of the documents produced to Plaintiff. Whether Plaintiff is entitled to unredacted documents (in whatever form) that contain information about professors other than those in the Economics Department at Auburn University—information that the Court did *not* compel—is a good faith dispute for which sanctions are unwarranted.

Notably, Plaintiff has not moved this Court for an order compelling the production of documents for professors (or other Auburn personnel) *outside of* the Department of Economics, which is the information Plaintiff now seeks. This request exceeds the scope of Plaintiff's own request for production. Sanctions are not available under Rule 37 absent a prior court order. *See* Fed. R. Civ. P. 37(b)(2)(A) ("If a party … fails to obey *an order* to provide or permit discovery,

---

[2] This is not to suggest that it was Plaintiff's obligation to inform Defendants what documents Defendants should have produced. Instead, this is offered to demonstrate Defendants' good faith. When Plaintiff raised concerns about the sufficiency of the production, Defendants responded and promptly addressed those concerns. It was only when Plaintiff contended that he was entitled to information the Court did not compel—that is, information about professors and staff other than "professors within the Economics Department"—that the parties reached an impasse.

including an order under Rule … 37(a)….") (emphasis added); *see also Boswell v. Gumbaytay*, No. 2:07-cv-135-WKW[WO], 2009 WL 1515912, at *1 (M.D. Ala. June 1, 2009). For this reason alone, sanctions are inappropriate.

### 3. Defendants Continue to Engage in Good Faith Discovery Practices.

As noted in Plaintiff's motion, Defendants have agreed to make Defendants Kim, Aistrup, and Hardgrave available for deposition for the limited purpose of addressing the documents produced in accordance with the Court's discovery order. *See* Ex. A at 3. Defendants have further agreed to submit the unredacted documents to the Court for in camera review, should the Court order it. *See id.* at 2. Moreover, Defendants have joined each request for an extension of the dispositive motion response deadline so that Plaintiff will not be prejudiced by any untimely production. *See* Docs. 42, 47, 49. Further, Plaintiff has not been prejudiced by any slight delay in Defendants' production. After this matter was reassigned to Judge Huffaker as the presiding judge on April 6, 2021, *see* Doc. 51, the Court *sua sponte* continued "all deadlines tied to the trial of this case… pending the resolution of the [summary judgment] motion." Doc. 52 (entered April 9, 2021). In short, Defendants have complied with the Court's discovery order and have cooperated with Plaintiff's counsel in good faith on any outstanding issues. Accordingly, the motion for sanctions is due to be denied.

### CONCLUSION

Based on the foregoing, Plaintiff's Motion to Enforce the Court's Discovery Order and for Sanctions (Doc. 57) should be denied.

Respectfully submitted this the 23rd day of April, 2021.

        */s/ John G. Smith*
        One of the Attorneys for Defendants

**OF COUNSEL:**

David R. Boyd (ASB-0717-D52D)
dboyd@balch.com
John G. Smith (ASB-8146-T68J)
jsmith@balch.com
Aria B. Allan (ASB-2064-E10Q)
aallan@balch.com
**BALCH & BINGHAM LLP**
Post Office Box 78
Montgomery, AL  36101
Telephone: (334) 834-6500
Facsimile: (334) 269-3115

Jaime S. Hammer (ASB-1557-C00Z)
Email: jhammer@auburn.edu
M. Maran White (ASB-8691-I64W)
Email: mmw0012@auburn.edu
**AUBURN UNIVERSITY**
Office of General Counsel
101 Samford Hall
Auburn, AL  36849
Telephone: (334) 844-5176

**CERTIFICATE OF SERVICE**

   I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following CM/ECF participant(s) electronically on this the 23rd day of April, 2021:

Kris O. Anderson
kanderson@clarkpartington.com
CLARK PARTINGTON
4725 Main Street, Suite F-222
Orange Beach, AL  36561

J. Parker Yates
parker@jpyateslaw.com
YATES LAW, LLC
2320 Highland Ave. S., Suite 290B
Birmingham, AL 35205

                */s/ John G. Smith*
                Of Counsel

10128725.6