IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ALAN SEALS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 3:19-cv-468-RAH |
| STEVEN LEATH, *et al.*, | )          (WO) |
| | ) |
| Defendants. | ) |

## **ORDER**

On October 20, 2021, the Plaintiff filed a summary judgment response (Doc. 81), several evidentiary documents (Doc. 82), and a notice of filing evidentiary submission (Doc. 83) under seal, citing their designation as "confidential" under the Consent Protective Order (Doc. 45) issued on March 8, 2021. The Plaintiff, however, did not file a redacted copy as required by M.D. Ala. LR 5.2, nor has Plaintiff shown why these materials, in full, should be filed and maintained under seal.

Local Rule 5.2 sets forth the obligations by parties and their counsel to redact personal identifying information in documents filed with the Court. (*See* M.D. Ala. LR 5.2.) The rule permits a party to choose to file under seal either a reference list of information that is to be redacted or an unredacted copy of the submission. (*See* M.D. Ala. LR 5.2(b).) In either scenario, the filing party must

file as an open record his or her submission in a redacted form. The rule is drafted in this manner in order properly balance the confidentiality of personal identifying information against the need for public access to judicial records. *See Williams v. Macon County Greyhound Park, Inc.*, No. 3:10–CV–191–WKW, 2012 WL 3827800 (M.D. Ala. Sept. 4, 2012) (denying the plaintiffs' request for permission to seal their entire evidentiary submission because courts have an obligation to protect the public's right to access judicial records). The rule does not allow, as the Plaintiff has done, a party to file an entire brief or evidentiary submission under seal without also filing a redacted version. Indeed, public access goals counter against it.

"The court's operation is of 'utmost public concern.'" *Henderson v. Goodyear Dunlop Tires N. Am., Ltd.*, No. 3:11-CV-295-WKW, 2013 WL 12246717, at *1 (M.D. Ala. May 9, 2013) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotations omitted)). "Its business is 'presumptively public.'" *Id.* (quoting *Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F.Supp.2d 1353, 1362 (N.D. Ga. 2002)). "Judges deliberate in private but issue public decisions after public arguments based on public records." *King*, 184 F.Supp.2d at 1362. "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).

"There is a limited First Amendment right of access to civil trial proceedings." *McCall v. Montgomery Hous. Auth.*, No. 2:10–cv–367–MEF, 2011 WL 4390049, at *1 (M.D. Ala. Sept. 21, 2011) (citing *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 (11th Cir. 2001)). "In addition, the public has a common law right to inspect and copy judicial records, although the right is not absolute." *Id.* (citing *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-98 (1978)). "Absent a showing that the interests of non-disclosure outweigh the public's common law right of access, courts often deny even joint motions to seal in civil cases." *Id.* (citing as examples *Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544 (7th Cir. 2002) (denying joint motion to maintain certain documents under seal); *Jaufre ex rel. Jaufre v. Taylor*, 351 F.Supp.2d 514 (E.D. La. 2005) (denying joint motion to seal court record); and *Stamp v. Overnite Transp. Co.*, 1998 WL 229538 (D. Kan. Apr. 10, 1998) (denying joint motion to seal court record)).

The "mere existence of a protective order does not automatically override the public's right of access; instead, the party seeking to maintain secrecy 'must establish good cause for continued protection under Rule 26.'" *Suell v. U.S.*, 32 F.Supp.3d 1190, 1192 (S.D. Ala 2014) (quoting *Chicago Tribune*, 263 F.3d at 1313). "Courts routinely recognize that the existence of a protective order does not answer the question whether documents subject to a constitutional or common-law

right of access may be sealed." *Id.* at 1192 n.1; *see also Reed v. Chase Home Fin., LLC*, No. 11–0412–WS–C, 2012 WL 4434751, at *1 n.1 (S.D. Ala. Sept. 26, 2012) (noting that a court has authority to review, *sua sponte*, the propriety of filing under seal pursuant to its power to manage its own records and files). "An agreed [or stipulated] protective order merely postpones the need to litigate good cause document by document." *Chicago Tribune*, 263 F.3d at 1307.

"The good cause standard here parallels the 'good cause' standard of Rule 26(c) of the Federal Rules of Civil Procedure governing protective orders." *Garrity*, 2012 WL 5679896 at *1 (citing *Chicago Tribune*, 263 F.3d at 1312). Under Rule 26(c), a movant must make a particularized showing of "good cause" and a specific demonstration of fact by affidavit or testimony of a witness with personal knowledge, of the specific harm that would result from disclosure or loss of confidentiality; generalities, conclusory statements, and unsupported contentions do not suffice. *Lohr v. Zehner*, No. 2:12cv533-MHT, 2014 WL 12742197, at *1 (M.D. Ala. March 6, 2014) (citing *Bandsuch v. Werner Enters., Inc.*, No. 2:05–cv–305–FTM–99SPC, 2010 WL 2791706, at *1 (M.D. Fla. July 14, 2010)).

In this case, the Plaintiff has provided no specific explanations, evidence, or declarations that demonstrate why his responsive brief and evidentiary submission should be sealed in their entirety. The fact that the parties previously designated the submission-related documents as confidential under an agreed or consent

protective order does not excuse the Plaintiff from complying with LR 5.2 or from having to show why a filing (in this case, a summary judgment responsive brief and submission), in whole or in part, should be filed and maintained under seal. *See Theriot v. Northwestern Mutual Life Ins. Co.*, 382 F. Supp. 3d 1255 (M.D. Ala. 2019) (finding defendants failed to make a particularized showing of the specific harm that would result from loss of confidentiality on the documents at issue and how that harm outweighed the interest of the public in accessing the information).

Accordingly, it is

ORDERED as follows:

(1) Properly redacted copies of the sealed documents (Docs. 81, 82, and 83), including any attached evidentiary records, shall be filed on or by **November 30, 2021**, in accordance with M.D. Ala. LR 5.2; and

(2) To the extent Plaintiff believes the documents should remain under seal, on or by **November 30, 2021**, the Plaintiff shall demonstrate good cause why they should remain under seal and should not be open to the public for inspection.

DONE, on this the 16th day of November, 2021.

                         /s/ R. Austin Huffaker, Jr.
                        R. AUSTIN HUFFAKER, JR.
                        UNITED STATES DISTRICT JUDGE